```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division

UNITED STATES OF AMERICA      )
                              )
         v.                   )
                              )      1:05cr460(JCC)
GEORGE CORNELIUS DAY, et al., )
                              )
         Defendants.          )
```

## M E M O R A N D U M   O P I N I O N

Defendant George C. Day is charged in an eleven-count indictment with conspiracy to distribute cocaine/cocaine base in violation of 21 U.S.C. § 846 (Count I); conspiracy to import cocaine in violation of 21 U.S.C. § 963 (Count II); possession of a firearm in furtherance of a drug offense in violation of 18 U.S.C. § 924(c) (Count III); conspiracy to launder money in violation of 18 U.S.C. § 1956(h) (Count IV); and money laundering in violation of 18 U.S.C. § 1957 (Counts V-XI). Defendant Rufus F. Cunningham is charged in Counts I and II. Defendant Cherria Day is charged in Counts IV and VIII through XI. Cunningham and Cherria Day have both filed Motions for severance of their trials from the trials of their codefendants. These Motions are currently before the Court.

## I.   Background

According to the indictment returned by the grand jury in this case, in or about 2000, George C. Day met a source of supply for cocaine in the Bahamas and began buying kilogram quantities of cocaine from him and importing the cocaine into the

United States for distribution in the Washington, D.C. area. George Day recruited Rufus C. Cunningham and at least two others to serve as couriers to deliver the buy-money to, and pick up kilogram quantities from, the supplier.  According to Robert A. Wilson, an individual who worked as one of these couriers, George Day would buy tickets for Cunningham's travel to Florida and the Bahamas so that Cunningham could pick up cocaine in those locations.  George Day paid his couriers $1,000 for each kilogram of cocaine that was transported and $1,500 for each trip to deliver buy-money.

Through his couriers, George Day would pay his supplier $15,000 for a kilogram of cocaine in the Bahamas and between $17,000 and $18,000 for a kilogram of cocaine in Florida.  Wilson estimated that Cunningham made more than fifteen trips as a courier for George Day.  Business records received from Bahamas Air, American Airlines, and Southwest Airlines show that Cunningham traveled to Nassau on approximately twelve occasions between 2001 and 2003, to Fort Lauderdale on approximately ten occasions between 2001 and 2003, and Fort Lauderdale and other Florida cities on approximately ten occasions between March and October 2005.  After transporting the cocaine to the Washington, D.C. area, Cunningham would deliver it to George Day.

During the time of this drug conspiracy, George Day and Cherria Day filed joint income tax returns in which they reported

that George Day worked as a barber and that Cherria Day worked in different positions in the service industry.  While their joint legitimate income did not exceed approximately $30,000, bank records showed unexplained cash deposits of $103,759 in 1999, $106,253 in 2000, and $399,602 in 2001.  In or about 2000, George Day incorporated a business known as Day Family Investments, L.L.C.  He listed Cherria Day as the business's co-owner.  George Day identified himself as the president of the business, and Cherria Day identified herself as the C.E.O. and vice-president.

      The Days deposited proceeds from drug transactions into bank accounts in the name of Day Family Investments and transferred monetary instruments drawn on the business account to purchase luxury automobiles and to purchase real property in Maryland, Washington, D.C., and Florida.  The Days also drew on these bank accounts to pay themselves a salary from the company.

      Cunningham argues that the counts of the indictment pertaining to him should be severed, as he was not charged with the firearm offense of Count III or the money laundering offenses of Counts IV through XI.  Cherria Day also argues that the counts pertaining to her should be severed, as she was not charged with the drug conspiracy offenses of Counts I and II or the firearms offense of Count III.  These Motions for severance are currently before the Court.

## II.  Analysis

Rule 8(b) of the Federal Rules of Criminal Procedure provides that defendants may be charged together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). According to the Fourth Circuit, "[o]rdinarily, persons, properly joined in an indictment, are to be tried together and this is particularly so if a conspiracy is charged." *United States v. Parodi*, 703 F.2d 768, 779 (4th Cir. 1983). To unite individuals in a single conspiracy, "it is only necessary that the activities of each individual or group be directed toward accomplishing a single criminal objective." *United States v. Bryant*, 364 F.2d 598, 601 (4th Cir. 1966) (quoting *United States v. Wenzel*, 311 F.2d 164, 167 (4th Cir. 1962)).

In this case, the Court finds that Cunningham, George Day, and Cherria Day engaged in the same series of acts or transactions, such that joint trial is appropriate. The common thread connecting each codefendant is their single criminal objective in profiting from the distribution of cocaine and crack cocaine. Cunningham allegedly delivered buy-money given to him by George Day and transported the cocaine to George Day for subsequent distribution. George Day allegedly paid for and distributed the cocaine. Cherria Day allegedly assisted George

Day in concealing the profits derived from the cocaine sales. Each codefendant's act constituted a step in the process of converting cocaine into a profit, the benefit of which each defendant shared to some degree.

Even if defendants are properly joined under Rule 8, Rule 14 gives the Court discretion to sever the defendants' trials if the joinder of offenses or defendants appears to prejudice a defendant. Fed. R. Crim. P. 14(a). A party seeking severance on the basis of prejudice "must establish that actual prejudice would result from a joint trial, and not merely that a separate trial would offer a better chance of acquittal." *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995) (internal quotation marks and citation omitted). In this case, Cunningham argues that the evidence presented to prove the weapons charge against George Day and the money laundering charges against George and Cherria Day will prejudice the jury against him. Likewise, Cherria Day argues that the government's evidence regarding the drug importation and distribution charges and the weapons charge will cause her prejudice.

Of course, Rule 14(a) does not necessarily require severance even if prejudice is shown. *See Zafiro v. United States*, 506 U.S. 534, 538-39 (1993). The Court will only grant a severance under Rule 14(a) where "there is a serious risk that a joint trial would compromise a specific trial right of one of the

defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. The Fourth Circuit has recognized that such cases will be rare. *See United States v. Cardwell*, 433 F.3d 378, 387 (4th Cir. 2005).

Neither Cunningham nor Cherria Day has identified evidence that would rise to this level of prejudice. For example, neither defendant has demonstrated that they have "markedly different degrees of culpability" or that there exists "essential exculpatory evidence that would be available to a defendant tried alone [and is] unavailable in a joint trial." *See Zafiro*, 506 U.S. at 539. Nor has either defendant demonstrated that evidence admissible only against a codefendant would be probative of their own guilt. *See id.* To the extent that there is a risk of prejudice in this case, the Court is persuaded that it is not so great that it cannot be remedied by other means such as instructions to the jury. *See Cardwell*, 433 F.3d at 388 (holding that a limiting instruction neutralized the possibility of prejudice from a joinder of offenses).

The slight risk of prejudice in this case is significantly outweighed by the benefit that would result in trying these defendants together. The Fourth Circuit has declared that judicial economy and timeliness are both factors that must be taken into account in ruling on a motion for severance. *See Parodi*, 703 F.2d at 780. Joinder benefits

judicial economy where there will be overlapping factual issues, such as where some defendants in a conspiracy are charged with transporting contraband and others are charged with selling that same contraband and receiving the profits.  *See King v. United States*, 355 F.2d 700, 704 (1st Cir. 1966) (citing *Caringella v. United States*, 78 F.2d 563 (7th Cir. 1935)).  In light of the small and remediable risk of prejudice and the benefit to judicial economy that would result from a joint trial, the Court will deny the defendants' Motion for severance.

### III.  Conclusion

For the foregoing reasons, the Court will deny Cunningham's Motion for severance and Cherria Day's Motion for severance.  An appropriate Order shall issue.


February 6, 2006                        _____/s/_____
Alexandria, Virginia                              James C. Cacheris
                                        UNITED STATES DISTRICT COURT JUDGE