IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| RUFUS FELDER CUNNINGHAM, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 1:05cr460 CIVIL NO. 1:08cv558 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) ) | |

## **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court will deny the motion.

### **I. Background**

On the evening of September 13, 2005, Officers Chris Malphrus and Kevin Smith of the Ridgeland, South Carolina Police Department's Interstate Criminal Enforcement Team conducted a traffic stop of a white Dodge van with Florida plates traveling north on Interstate 95 in Ridgeland, South Carolina. During the stop, the Officer Malphrus questioned the driver, Rufus Cunningham (Petitioner), about his license, rental agreement, and travel plans. The Officer Malphrus eventually asked Petitioner to step out of the car. He noted that Petitioner was traveling from the Fort Lauderdale Airport, obtained a one-way rental van, and kept the rental beyond the designated return time. He also

1

noted that Petitioner appeared nervous, that the van had a "lived-in" appearance, and that Petitioner provided the officer with conflicting stories about the state in which he lived.

After requesting Petitioner's permission, Officer Malphrus employed a drug-detecting canine to search the van. The dog alerted to the back hatch of the van. The officer then instructed Officer Smith to call other officers to assist in searching Petitioner's vehicle. The search turned up six kilograms of cocaine and Officer Malphrus arrested Petitioner for possession of illegal narcotics.

A related, ongoing investigation by the government revealed that Petitioner, George Day (Day), and several unindicted persons were involved in a conspiracy from 1999 through 2005 to import cocaine into the United States and distribute it. In early 1999, Day met a cocaine supply source in the Bahamas. He then recruited Petitioner and other co-conspirators to travel between Florida and the Bahamas to deliver money to the source, pick up the cocaine, and transport it back to the Washington, D.C. area.

Initially, the conspirators purchased between two and three kilograms per month. Later, they purchased approximately six kilograms per month. Between 2001 and 2003, Petitioner traveled to the Bahamas on approximately twelve occasions;

between 2001 and 2005 he traveled to Florida on approximately twenty occasions.

On October 20, 2005, a grand jury in Alexandria, Virginia returned an indictment against Petitioner and Day. The Government later obtained a superseding indictment (SI) that added Cherria Day as a co-defendant.

Count I of the SI charges Petitioner and Day with conspiracy to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841 and 846. Count II of the SI charges Petitioner and Day with conspiracy to import five kilograms or more of cocaine from Nassau, Bahamas, in violation of 21 U.S.C. § 963.

Petitioner was arraigned on December 2, 2005 and a jury trial was scheduled for February 14, 2006. Kenneth Robinson (Robinson) and Sol Rosen (Rosen) were appointed to represent Petitioner. On February 8, 2006, the Court denied Petitioner's motion to suppress the cocaine seized from his vehicle at the time of his arrest and the statements he made at that time. On February 10, 2006, without entering into a plea agreement with the government, Petitioner pled guilty to Counts I and II of the SI. During the plea hearing, Petitioner admitted to some portions of the Government's statement of facts and disputed other portions.

On May 12, 2006, the district court sentenced Petitioner to concurrent sentences of 188 months' confinement on each of the two counts of the SI, five years' supervised release on each count, and a $200.00 special assessment.  It held Petitioner responsible for 69.978 kilograms of cocaine and 6.8 grams of cocaine base, resulting in a base offense level of 36.  Petitioner received a two-level reduction for acceptance of responsibility, resulting in a modified offense level of 34.  The Court found that Petitioner had a criminal history category of III.

After sentencing, Petitioner appealed the Court's denial of his motion to suppress the cocaine and the statements he made during the traffic stop.  Robinson and Rosen continued to represent Petitioner on appeal by court appointment.  On January 22, 2007, the Fourth Circuit affirmed the Court's resolution of that motion.  *United States v. Cunningham*, 213 F. App'x. 214 (4th Cir. 2007).  Petitioner then filed for a writ of certiorari to the Supreme Court of the United States, proceeding *in forma pauperis*.[1]  The Supreme Court denied certiorari on June 11, 2007.  *Cunningham v. United States*, 127 S. Ct. 2950 (June 11, 2007).

On May 30, 2008, Petitioner, pro se, filed the instant 28 U.S.C. § 2255 Motion.  The Government responded on June 23,

---

[1] Counsel received the court's permission to withdraw from further representation of Petitioner.

2008. Petitioner replied on August 7, 2008. This Motion is currently before the Court.

## II. Standard of Review

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence on four grounds: that (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962). To prevail on a § 2255 motion, the petitioner bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

## III. Analysis

Petitioner argues that he is entitled to relief under 28 U.S.C. § 2255 because he was denied the effective assistance of counsel at his sentencing hearing. He alleges that his attorneys failed to (1) object to the Government's approximation of the drug quantities involved in the conspiracy, (2) object to Petitioner's criminal history category, or (3) argue for a downward adjustment under USSG § 3B1.2 based on Petitioner's mitigating role in the conspiracy.

To succeed on a claim for ineffective assistance of counsel under the Sixth Amendment, a petitioner must satisfy the two-pronged test established by the Supreme Court in *Strickland v. Washington*. 466 U.S. 668, 687 (1984); *United States v. Breckenridge*, 93 F.3d 132, 136 (4th Cir. 1996). Under *Strickland*, a petitioner must show that: (1) counsel's representation fell short of an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. 466 U.S. at 687-94. If a petitioner fails to meet either requirement, his claim for ineffective assistance of counsel fails. *Id.* at 700. Furthermore, if a petitioner fails to make a sufficient showing on one prong of the test, the Court is not obliged to address the other prong. *Id.* at 697; *see also Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

    A.   <u>Claim 1: Counsel Failed to Object to the Government's Approximation of the Drug Quantities Involved in the Conspiracy</u>

Petitioner argues that his attorneys were aware that the drug quantities for which he was held responsible at sentencing were an "unreliable" approximation of what the amounts involved in the conspiracy. He argues that counsel provided ineffective assistance by failing to (1) make timely objections to those amounts and (2) familiarize themselves with objection

procedures and the applicable Sentencing Guidelines.  Petitioner asserts that these errors prejudiced him because, but for their occurrence, he would have been held responsible for only 5 kilograms of cocaine and 6.8 grams of cocaine base, resulting in a base offense level of 31 and a guideline range of 121-151 months.  If the Court had continued to sentence him at the low-end of the guideline range, Petitioner would have received a 67-month shorter sentence.

   The Government opposes this claim.  It submits that, according to the transcript of the sentencing hearing, Petitioner's attorneys did make timely objections to the quantity of drugs attributed to Petitioner and showed sufficient familiarity with the Sentencing Guidelines.  Because Petitioner's counsel made arguments similar to those raised now by Petitioner, the Government argues that counsel's representation did not fall short of an objective standard of reasonableness.  The Court agrees.

   Robinson filed written objections to the Pre-Sentence Report (PSR) prepared by the United States Probation Office and argued these objections at the sentencing hearing.  His written objections took exception to the PSR's estimate that Petitioner was responsible for 69.978 kilograms of cocaine.  He also argued that the Government had to prove the quantity of drugs that Petitioner was responsible for beyond a reasonable doubt.  At

Petitioner's plea hearing, Robinson specifically noted that Petitioner did not admit the entire Statement of Facts: he admitted to making all of the trips to Florida and the Bahamas, but denied that all of them involved the transportation of narcotics.  Robinson then contested the Government's assertions regarding both the quantity and the purity of the drugs involved in the conspiracy.

The Court acknowledged these arguments but ruled against Petitioner on both.  It first noted that the correct legal standard for facts relevant to sentencing was a preponderance of the evidence.  It then found that Petitioner had admitted that (1) the conspiracy had originally involved the import and transit of two to three kilograms of cocaine per month, and then increased to six kilograms per month, and (2) he made 32 trips to Florida or the Bahamas during the time the conspiracy operated.  Finally, Petitioner had six kilograms of cocaine in his possession when he was arrested.  Based on all of this evidence, the Court found, by a preponderance of the evidence, that Petitioner was responsible for a total of 69.978 kilograms of cocaine and 6.8 grams of cocaine base.  These amounts were significantly lower than the amounts proposed by the Government, 234 kilograms of cocaine and 6.8 grams of cocaine base.

That the Court was not convinced by counsel's repeated arguments on this subject does not show incompetent assistance of counsel. *Strickland*, 466 U.S. at 689-90. The record shows that Petitioner's counsel made timely, reasonable objections at sentencing and advocated on Petitioner's behalf regarding the quantity and purity of the cocaine involved in the conspiracy. Notwithstanding their lack of success, these arguments constitute reasonably effective assistance. *Id.*

Petitioner's ineffective assistance of counsel claim, insofar as it relies on his attorneys' handling of the drug quantities attributed to him at sentencing, fails the first prong of the *Strickland* analysis. For this reason, the Court need not analyze Petitioner's arguments regarding prejudice. Petitioner's first request for relief will be denied.

> B. Claim 2: Counsel Failed to Object to Petitioner's Criminal History Category of III

Petitioner argues that defense counsel provided ineffective representation because they failed to timely object to the application of Petitioner's 1992 non-felony DWI conviction to his criminal history. Petitioner argues that this prejudiced him because he was placed in criminal history category III instead of category II, resulting in a guidelines range 188-235 months' imprisonment, rather than 121-151 months' imprisonment.

The record shows that defense counsel made timely objections to the application of Petitioner's 1992 DWI sentence

to his criminal history.  Robinson filed written objections to the PSR's application of Petitioner's 1993 DWI conviction and 2003 theft of under $500 conviction.  Counsel argued that the Court should not consider these crimes because they were "minimal matters" and did not fall "within the statutory period the guidelines consider as relevant for enhancements."  At Petitioner's plea hearing, Robinson withdrew his argument against the application of the 1993 DWI because it did fall within the relevant time period.  Still, he continued to argue that the Court, in its discretion, should not consider the 1993 conviction for criminal history purposes because Petitioner did not admit to being part of the conspiracy from its beginning, in 1999.  He also argued that the Court should not consider the 2003 conviction because it was minor.

   The Court again specifically acknowledged these arguments, but decided that both of Petitioner's convictions were appropriately included in his criminal history.  It found that both sentences were imposed within ten years of the commencement of the conspiracy to which Petitioner pled guilty.  It also noted that Plaintiff had committed the charged offense while on probation for the 2003 theft.  It thus imposed two criminal-history points for Petitioner's prior convictions and a two-point enhancement for committing the charged offense while on probation.

As noted above in section II.A, the fact that counsel's arguments were ultimately unsuccessful does not automatically mean that counsel's assistance was ineffective. *Strickland*, 466 U.S. at 689-90. First, counsel made two arguments in favor of a lower criminal history category for Petitioner. Second, notwithstanding their lack of success, these objections were timely and reasonable. Counsel's performance did not fall below an objective standard of reasonableness. *Strickland*, 466 U.S. at 689-90.

Petitioner next asserts that counsel provided ineffective assistance because he failed to argue that the data relied upon in calculating his criminal history was "never found to be reliable" and was only speculative. This conclusory allegation is unsupported by the record: Petitioner does not and has never alleged that he was not convicted of the prior offenses or that the PSR misreported or improperly described them. Given the "highly deferential" standard afforded to counsel's strategic choices, the Court finds that Petitioner has not stated a basis for a claim that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 690; *Meyer v. Branker*, 506 F.3d 358, 371 (4th Cir. 2007).

Petitioner's ineffective assistance of counsel claim, insofar as it relies on his counsel's handling of Petitioner's criminal history, fails the performance prong of the *Strickland*

11

analysis. For this reason, the Court need not analyze Petitioner's arguments regarding prejudice. Petitioner's second request for relief fails.

      C.    <u>Claim 3: Counsel Failed to Argue for a Downward Adjustment under USSG § 3B1.2</u>

In his third ineffective assistance of counsel claim, Petitioner argues that counsel deficiently failed to argue for a three-level decrease in his base offense level based on his mitigating role in the conspiracy. Petitioner argues that this failure prejudiced him because his role in the conspiracy was minimal and, but for his attorneys' failures, he would have received a downward departure, resulting in an offense level of 31 with a guideline range of 135-168 months' imprisonment.

The 2006 United States Sentencing Guidelines § 3B1.2 (Mitigating Role) provides for a decrease in offense level by four levels "[i]f the defendant was a minimal participant in any criminal activity," by two-levels if the defendant was a "minor participant," and by three-levels "[i]n cases falling between (a) and (b)." USSG § 3B1.2.

The Government argues that Petitioner's claim fails to satisfy either of *Strickland*'s prongs because counsel, while he did not argue for a reduction under USSG § 3B1.2, used Petitioner's mitigating role as "a mule" and "a courier" to argue for a sentence at the low end of the guideline range.

12

The PSR stated that there were no aggravating or mitigating adjustments for the Petitioner's role in the conspiracy.  The record does not reflect any written or oral objections by defense counsel to this portion of the PSR or any specific arguments by Robinson or Rosen under the specific sentencing guideline raised by Petitioner's motion, USSG § 3B1.2.

At the hearing, however, Robinson argued that Petitioner was merely "a mule" and a "a courier," rather than a "major player" in the charged conspiracy.  Based on this argument, he asked the Court to sentence Petitioner to a sentence at the low end of the guideline range.  The Court did sentence Petitioner to 188 months' imprisonment, the bottom of the guideline range.

Petitioner's counsel did not make an argument expressly pertaining to his mitigating role under USSG § 3B1.2.  The Court finds, however, that Petitioner has not satisfied his burden to show that counsel provided ineffective assistance at sentencing. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).  "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  In assessing counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance." *Id.* at 689.

Applying this standard, the Court finds that counsel's decision not to make the specific argument that Petitioner now makes merely reflects counsel's decision on how to best pursue Petitioner's defense. Counsel were aware of Petitioner's allegedly lesser role in the conspiracy and made timely, reasonable arguments in Petitioner's favor based on that role. Counsel's professional decision to use this information to argue for a sentence at the low end of the guideline range rather than for a "mitigating role" adjustment does not fall short of an objective standard of reasonableness. The lack of one particular argument, especially where counsel made a different one based on the same facts, does not suffice to meet Petitioner's burden show that counsel's representation fell below an objective standard of reasonableness.

Petitioner's ineffective assistance of counsel claim, insofar as it relies on his attorneys' failure to argue for a downward adjustment for a mitigating role under USSG § 3B1.2, fails the performance prong of *Strickland*. Thus the Court need not analyze Petitioner's arguments regarding any prejudice that inured to him as a result. Petitioner's third claim of ineffective assistance of counsel will be denied.

## IV. Conclusion

For the foregoing reasons, Petitioner's Motion to vacate his sentence pursuant to 28 U.S.C. § 2255 will be denied.

An appropriate Order will issue.


April 20, 2009                                /s/
Alexandria, Virginia                   James C. Cacheris
                            UNITED STATES DISTRICT COURT JUDGE